**NEW AMSTERDAM CASUALTY COM-PANY, Appellant,**

v.

**MANUFACTURERS AND TRADERS TRUST COMPANY, Appellee.**

**No. 266, Docket 28538.**

United States Court of Appeals
Second Circuit.

Argued Jan. 15, 1964.

Decided April 17, 1964.

Warren S. Radler, Buffalo, N. Y., for appellant.

Diebold & Millonzi, Buffalo, N. Y., for appellee. Peter J. Murrett, Jr., Buffalo, N. Y., of counsel.

Before LUMBARD, Chief Judge, and SWAN and SMITH, Circuit Judges.

SWAN, Circuit Judge.

This appeal presents a very narrow question of law which involves the inter-pretation of Proviso 4 of 31 U.S.C.A. § 203. Section 203 provides in general that claims against the United States are not assignable. However, an exception is made in case of an assignment "to a bank, trust company or other financing institution." [1] In that event Proviso 4 requires the assignee to file "written no-tice of the assignment * * * with * * * (b) the surety or sureties upon the bond or bonds, if any, in connection with such contract." The legal question presented is whether failure to notify the surety entitles it to recover from the assignee for liability incurred under a bond furnished pursuant to the Miller Act, 40 U.S.C.A. § 270a. The district court dismissed the complaint for failure

1. This exception was grafted onto the Anti-Assignment of Claims Act to assist the national defense program by facilitating the financing of defense contracts. See Central Bank v. United States, 345 U.S. 639, 643, 73 S.Ct. 917, 97 L.Ed. 1312; The Assignment of Government Contracts as Collateral, 101 Univ.Pa.L.Rev. 106.

to state a claim on which relief can be granted. The surety has appealed.[2]

The facts are undisputed. The United States engaged William A. Rupert Contracting Co. to perform work on the Government's Kinzua Dam project in the Allegheny River in Pennsylvania. Rupert obtained from plaintiff the bonds required by the Miller Act, 40 U.S.C. § 270a. Thereafter Rupert assigned to defendant the right to moneys due or to become due from the United States, and defendant received some $300,000 under the assignment. Defendant gave plaintiff no notice of the assignment. Rupert became bankrupt, leaving unpaid subcontractors, materialmen and laborers, to whom plaintiff has paid nearly $43,000 and incurred additional liability. The present action sought to recover judgment for the amount already paid and asked for declaratory relief.

In its opinion the district court, after giving a concise history of the federal policy with respect to assignment of claims against the United States, referred to the congressional history of the amendment and concluded that "it does not lend support to the plaintiff's views."[3] We see nothing in the legislative history to justify this conclusion. Nor can we agree with the court's characterization of the notice requirement as only a "token notice provision."

 In our opinion the decision below is erroneous. It gives no effect whatever to the notice requirement of the statute. We think it clear that Congress intended sureties to derive some advantage from getting notice of an assignment; otherwise the requirement is meaningless. Obviously the purpose of requiring notice is to afford the surety some protection against dissipation of moneys due or to become due from the government. It is equally plain that a surety has an interest in learning of an assignment, because of the bonds it is required to furnish pursuant to the Miller Act.

The cases relied upon by defendant to the effect that an executed but improper assignment is valid as between litigants other than the United States, are beside the point. We are not concerned with the "validity" of the assignment to defendant. What we hold is simply that plaintiff should have an opportunity to prove, if it can, that it was prejudiced by lack of notice.

Accordingly, the order is reversed and the cause remanded for further proceedings consistent with the foregoing opinion.

---

2. Appellant asserts that this is a case of first impression, since there are no reported cases where an assignee bank has failed to give notice to the surety.

3. The House Committee on the Judiciary rejected the suggestion of the Association of Casualty and Surety Executives that the proposed legislation either require consent by the surety to an assignment or include sureties among those authorized to lend moneys.